**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 09-4843**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DARIUS LAMONT GALLOWAY,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (7:07-cr-00036-F-1)

───────────

Submitted:  December 7, 2011     Decided:  December 22, 2011

───────────

Before MOTZ and KEENAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

───────────

Affirmed in part, vacated in part and remanded by unpublished
per curiam opinion.

───────────

Jorgelina E. Araneda, ARANEDA LAW FIRM, Raleigh, North Carolina,
for Appellant.   Thomas G. Walker, United States Attorney,
Jennifer P. May-Parker, Kristine L. Fritz, Assistant United
States Attorneys, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darius Lamont Galloway appeals his convictions and resulting 360-month sentence following a jury trial for possession with intent to distribute fifty grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006) (Count One); possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006) (Count Two); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006) (Count Three). On appeal, Galloway contends that the district court erred by (1) overruling his hearsay objection to officers' testimony at trial; (2) calculating his advisory Guidelines range without making a specific finding as to drug quantities; (3) sentencing him as a career offender pursuant to the U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1(a) (2010); and (4) denying his motion for a judgment of acquittal as to Count One and Count Three. While we find no fault with his convictions, in light of our recent decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), we agree with Galloway that he is no longer a career offender for sentencing purposes. Accordingly, we affirm Galloway's convictions, vacate his sentence, and remand for resentencing.

We first address Galloway's arguments on appeal with respect to his convictions. Galloway contends that the district

2

court erred in overruling his hearsay objection to testimony provided by Detective Little and Sergeant Worthington at trial. When describing their involvement in the case, both officers testified that Brent Best, a Government informant, called Detective Little and stated that Galloway was selling narcotics from Best's residence. The district court overruled Galloway's hearsay objection, finding that Best's out of court statement was not offered for the truth of the matter asserted, but rather "to show the reason further actions were taken by Mr. Little."

We review the district court's evidentiary rulings for abuse of discretion. United States v. Delfino, 510 F.3d 468, 470 (4th Cir. 2007) (citing United States v. Hedgepeth, 418 F.3d 411, 419 (4th Cir. 2005)). A district court abuses its discretion when it "acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." Hedgepeth, 418 F.3d at 419. Hearsay is an out of court statement "offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). However, "an out of court statement is not hearsay if it is offered for the limited purpose of explaining why a government investigation was undertaken." United States v. Love, 767 F.2d 1052 (4th Cir. 1985) (internal quotation marks and citation omitted). Therefore, as the statements were offered to establish why the

3

officers went to Best's home to investigate the possible sale of narcotics, we find that the district court acted within its discretion in admitting Detective Little and Sergeant Worthington's testimony as non-hearsay.

Galloway next contends that the district court erred in denying his motion for a judgment of acquittal as to Count One, possession with intent to distribute cocaine, and Count Three, possession of a firearm in furtherance of a drug trafficking crime. We review de novo a district court's decision to deny a Rule 29 motion for a judgment of acquittal. United States v. Hickman, 626 F.3d 756, 762-63 (4th Cir. 2010). In reviewing the sufficiency of the evidence, this court's "role is limited to considering whether there is substantial evidence, taking the view most favorable to the Government, to support the conviction." Delfino, 510 F.3d at 471 (citation omitted). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." United States v. Ashley, 606 F.3d 135, 138 (4th Cir.) (internal quotation marks omitted), cert. denied, 131 S. Ct. 428 (2010). The record reflects that this is not such a rare case; rather,

4

there was ample evidence to support Galloway's convictions on Counts One and Three. Accordingly, we affirm Galloway's convictions.

We now turn to Galloway's challenges to his sentence. We review a sentence imposed by a district court under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). A district court commits significant procedural error when it improperly calculates a defendant's Guidelines range. Id. at 51. Pursuant to USSG § 4B1.1(a), a defendant is designated a career offender if he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

Galloway and the Government agree that the district court erred in sentencing Galloway as a career offender in light of Simmons. Consistent with this court's decision in United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005), the district court determined that Galloway qualified as a career offender based upon his 1999 and 2003 North Carolina convictions for possession with intent to sell and deliver cocaine, possession with intent to sell marijuana, and conspiracy to possess with intent to sell marijuana, as well as his 2001 South Carolina conviction for possession of marijuana with intent to distribute. This court recently overruled Harp in its en banc decision in Simmons, finding that a North Carolina state

5

conviction may not be classified as a conviction punishable by a term of imprisonment exceeding one year based on the maximum aggravated sentence that could be imposed on a repeat offender if the individual defendant was not himself eligible for such a sentence. Simmons, 649 F.3d at 241, 243-48. Our review of the record reveals that Galloway was not eligible for a sentence exceeding one year for his North Carolina convictions. Accordingly, Galloway's 2001 South Carolina conviction remains his only felony conviction for a controlled substance offense, and Galloway no longer has the requisite predicate offenses to qualify as a career offender.

Galloway next argues that the district court erroneously calculated his sentencing Guidelines range without making a specific finding as to the quantity of drugs in his possession. Galloway's argument is misplaced. Because the district court calculated Galloway's advisory Guidelines range based upon his career offender status, the court was not required to make a finding as to drug quantities. See USSG § 4B1.1(b). In light of the fact that Galloway is no longer a career offender, however, the district court upon remand must determine the drug quantities attributable to Galloway to calculate his new Guidelines range.

Accordingly, we affirm Galloway's convictions, vacate his sentence, and remand for resentencing consistent with

6

Simmons.  We also deny Galloway's motion for leave to file a supplemental brief.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED IN PART;
AND REMANDED