**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 12-4222

_____

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

DARIUS LAMONT GALLOWAY,

               Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (7:07-cr-00036-F-1)

_____

Submitted:  November 7, 2012     Decided:  November 16, 2012

_____

Before MOTZ and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Jorgelina E. Araneda, ARANEDA LAW FIRM, P.C., Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darius Lamont Galloway was convicted by a jury of possession with intent to distribute at least five but less than fifty grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006) (Count One); possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006) (Count Two); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006) (Count Three). The district court sentenced Galloway as a career offender to a total sentence of 360 months' imprisonment. In Galloway's prior appeal, we affirmed his convictions, vacated his sentence, and remanded for resentencing in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). United States v. Galloway, 459 F. App'x 232 (4th Cir. 2011) (No. 09-4843), cert. denied, 132 S. Ct. 2699 (2012).

On remand, the district court held Galloway accountable for 4.5 ounces of cocaine, 50.1 grams of crack, and 63.1 grams of marijuana. The court sentenced Galloway to a within-Guidelines sentence of 110 months' imprisonment on Counts One and Two concurrent, followed by a consecutive sentence of sixty months' imprisonment on Count Three, yielding a total amended sentence of 170 months' imprisonment. On appeal, Galloway argues that the district court erroneously relied upon acquitted conduct in determining the drug quantities

2

attributable to him for sentencing purposes. In addition, Galloway contends that the Government failed to establish the drug quantities for purposes of relevant conduct by a preponderance of the evidence.

We review a sentence for procedural and substantive reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 41 (2007). In determining the procedural reasonableness of a sentence, we consider whether the district court properly calculated the Guidelines range, treated the Guidelines as advisory, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 51.

We reject Galloway's argument that the district court erroneously considered acquitted conduct in determining his advisory Guidelines range. The Sentencing Guidelines require a sentencing court to consider relevant conduct in calculating a defendant's advisory Guidelines range, including "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S. Sentencing Guidelines Manual ("USSG") § 1B1.3(a)(2) (2011); United States v. Hayes, 322 F.3d 792, 802 (4th Cir. 2003) (noting that a "court has no discretion to disregard relevant conduct" when calculating offense level). The sentencing court

3

is not "bound by the evidence presented at trial when determining drug quantity or other relevant conduct," United States v. Young, 609 F.3d 348, 357 (4th Cir. 2010), and may "consider acquitted conduct in establishing drug amounts for the purpose of sentencing, so long as the amounts are established by a preponderance of the evidence." United States v. Perry, 560 F.3d 246, 258 (4th Cir. 2009).

Galloway next asserts that the Government failed to establish the drug quantities attributed to him by a preponderance of the evidence. We review the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error. United States v. Fullilove, 388 F.3d 104, 106 (4th Cir. 2004). Clear error occurs "when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 336 (4th Cir. 2008) (citation and internal quotation marks omitted). In calculating drug amounts for sentencing purposes, "a sentencing court may give weight to any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy." United States v. Wilkinson, 590 F.3d 259, 269 (4th Cir. 2010). Our review of the record confirms that the Government

4

established the relevant drug quantities by a preponderance of the evidence.

We therefore affirm the district court's judgment. We deny Galloway's pro se motion for leave to file a supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>